IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAY ANTHONY NOTTINGHAM, PRO SE, TDCJ-CID #1490726, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:10-CV-0023 |
| JOEL FINSTERWALD ET AL., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION, ORDER GRANTING, IN PART,
AND DENYING, IN PART, DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, AND ORDER OF PARTIAL DISMISSAL**

On this day came for consideration the September 8, 2011 Motion for Summary Judgment filed by defendants FINSTERWALD, GAINES, and WHEELER COUNTY in the above-referenced and numbered cause. Plaintiff filed his response September 21, 2011. The Court has reviewed these and all related pleadings and attachments.

**STATEMENT OF THE CASE**

Plaintiff, proceeding pro se, filed this lawsuit while a prisoner confined in the Texas Department of Criminal Justice (TDCJ), Correctional Institutions Division, asserting claims under the Americans with Disabilities Act, the Rehabilitation Act, and Title 42, United States Code, section 1983. Plaintiff's claims do not concern TDCJ, but instead are asserted against JOEL FINSTERWALD, Sheriff of Wheeler County, and CARRIE GAINES, Wheeler County Jail Administrator as defendants. Plaintiff later added WHEELER COUNTY to the lawsuit when he clarified he had sued defendant FINSTERWALD in both his individual and official capacities.

By his Amended Complaint, plaintiff alleges he was held in the Wheeler County Jail prior to his transfer to TDCJ. He alleges that, during a two-week stay in the Wheeler County Jail

in January, 2008, defendant FINSTERWALD "denied medical care, violated rights of disabled inmate, non-compliance with ADA, discussed private medical information with unentitled person – erroneous information." Plaintiff alleges defendant GAINES "fail[ed] to provide prompt and proper medical care, Allowed non-compliance with ADA."

Plaintiff also alleges Wheeler County had a policy or custom of requiring inmates to sign a waiver of liability before being provided medial treatment by a physician or physician's assistant. He further contends he was placed in a cell that was not in compliance with the standards set by the Americans with Disabilities Act. Plaintiff states he informed defendants upon his arrival at the jail that he did not have his medications and would need for them to be provided. He further alleges he received no medications or medical attention while at the jail and that his medical conditions, including seizure disorder and kidney function, began to rapidly decline. Plaintiff states that, while at the jail, he became unable to eat or keep solid food in his stomach, suffered pain from his failing kidney function, became weak and lost the function of his right side, which affected his ability to swallow, speak, and perform independent movement. Plaintiff states his wheelchair was kept outside his cell and used only if necessary to move plaintiff from his cell to the shower or the visitation area. Plaintiff also claims defendant FINSTERWALD violated plaintiff's right to medical privacy by discussing his condition with individuals who were not involved in direct patient care. Plaintiff alleges the information was erroneous and led to improper care after plaintiff was transferred to the Randall County Jail.

Plaintiff requests injunctive relief, compensatory damages, punitive damages, and future medical expenses incurred as a result of plaintiff's deteriorating medical condition.

## UNDISPUTED FACTS

The parties agree[1] plaintiff was a pretrial detainee in the Wheeler County Jail during the

---

[1] The Court notes TDCJ-CID online records available through the TDCJ website indicate plaintiff is serving sentences for two other, earlier, convictions as well, which may indicate plaintiff was not a pretrial detainee but a "detained parolee" with respect to his earlier convictions. Nevertheless, for purposes of this analysis, the Court accepts the parties' representation that plaintiff was a pretrial detainee at the tine of the events in question. Treating plaintiff as a pretrial detainee provides plaintiff with as much, if not more, protection than if he were considered as a convicted detained parolee.

time of the events forming the basis of this lawsuit.  Prior to the incident involved in this lawsuit, plaintiff had been booked into the Wheeler County Jail in October of 2007, but was released.  He was arrested on January 14, 2008 and booked into the jail again.  At the time of each book-in, he received a copy of the jail rules, showing, in part, the procedures for filing a grievance.  Plaintiff's medical history was taken in January 2008 and various forms were provided to plaintiff to fill out to authorize medical treatment.  The parties do not agree what forms were provided.

In January 2008, medical care for inmates at the Wheeler County Jail was provided by the Mahler Family Clinic, an independent entity which is not controlled by Wheeler County.  Lisa Mahler, the nurse practitioner at the Mahler Family Clinic, is not an employee of Wheeler County.  While the parties do not agree as to what exact forms were presented to plaintiff, they do agree plaintiff did not fill out and sign the forms provided to him by Wheeler County to authorize medical treatment when he was booked into the jail.

On Friday, January 25, 2008, plaintiff filled out and signed forms to authorize medical treatment by the Mahler Family Clinic.  A facsimile copy of the signed forms was transmitted to the Mahler Family Clinic the same day plaintiff signed it.  Plaintiff did not receive any medical treatment over the weekend and on the following Monday, plaintiff was transferred to the Randall County Detention Center.  Nurse Practitioner Lisa Mahler does not usually see inmates at the Wheeler County Jail on the weekends.

### THE STANDARD OF SUMMARY JUDGMENT REVIEW

Summary judgment may be granted where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Federal Rule of Civil Procedure 56(c).  Consequently, after adequate time for discovery and upon motion, summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on

which that party bears the burden of proof. *Celotex v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Only disputes of facts that could affect the outcome of the suit at trial will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A complete failure of proof concerning an essential element of the nonmoving party's case is fatal and entitles the moving party to judgment as a matter of law. *Celotex v. Catrett*, 477 U.S. at 322-23, 106 S.Ct. at 2552. A motion for judgment as a matter of law is properly granted when the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict. If there is substantial evidence, that is, evidence of such quality and weight that reasonable and fair-minded jurors might reach a different conclusion, then the motion for judgment as a matter of law should be denied. *Waymire v. Harris County, Texas*, 86 F.3d 424, 427 (5th Cir. 1996).

### THE STANDARD OF SUMMARY JUDGMENT REVIEW UPON A PLEA OF QUALIFIED IMMUNITY

Since qualified immunity depends on whether the defendant violated a clearly established constitutional right, a preliminary inquiry must be made whether the plaintiff has asserted a violation of any constitutional right at all. *Siegert v. Gilley*, 500 U.S. 226, 231, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Analysis at this stage is performed under the "currently applicable constitutional standards." *Rankin v. Klevenhagen*, 5 F.3d 103, 106 (5th Cir. 1993). The second prong of the qualified immunity test is whether the constitutional right alleged to have been violated was clearly established at the time of the incident; and, if so, whether the conduct of the defendant was objectively unreasonable in light of contemporaneous clearly-established law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (1998). Although analysis under the first prong requires the court to consider currently applicable constitutional standards, analysis under the second prong requires a court to measure the objective reasonableness of an official's conduct with reference to the law as it existed at the time of the conduct in question. *Id*. (citing

*Rankin v. Klevenhagen*, 5 F.3d 103, 108 (5th Cir. 1993).

In deciding which of the two prongs to address first, the court may utilize its sound discretion in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

Although it may be "difficult to imagine factual circumstances in which a trier of fact could find deliberate indifference as defined by *Farmer*[2] and nevertheless conclude that a reasonable person in defendant's position was not chargeable with knowledge that his or her actions violated the plaintiff's clearly established constitutional rights," in analyzing a claim of qualified immunity, the test is objective reasonableness, not subjective deliberate indifference. *Hare v. City of Corinth*, 135 F.3d 320, 328 (5th Cir. 1998)(quoting *Briecke v. Coughlin*, No. 92-CV-1211, 1994 WL 705328 at 6 (N.D.N.Y.Dec. 16, 1994). Consequently, at the qualified immunity stage, the deliberate indifference standard only allows an examination of whether, under the standard not to be deliberately indifferent, the acts or omissions of the defendant were objectively unreasonable as a matter of law. *Hare v. City of Corinth*, 135 F.3d 320, 328 (5th Cir. 1998).

In deciding which of the two prongs to address first, the court may utilize its sound discretion in light of the circumstances in the particular case at hand. *Pearson v. Callahan*,555 U.S. 223, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009).

## THE LAW AND ANALYSIS

**INJUNCTIVE RELIEF**

After the incident forming the basis for this suit occurred, plaintiff was transferred to the custody of Randall County and then to the Texas Department of Criminal Justice, Institutional Division. Plaintiff's transfer out of the Wheeler County Jail renders his request for injunctive relief moot. *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988). Mootness removes a federal

---

[2]Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994).

court's authority to adjudicate, depriving it of subject matter jurisdiction.  *Savidge v. Fincannon*, 836 F.2d 898, 904 (5th Cir. 1988).

Further, defendants have pointed to evidence in the record which demonstrates the Wheeler County Jail is an "existing jail" and an "historical property" and, for those reasons, is exempt from the requirements of the A.D.A./R.A.  Plaintiff has utterly failed to refute the record evidence submitted on this issue and, therefore, on the merits, plaintiff's claims for injunctive relief with respect to the physical characteristics of the jail must fail.

**A.D.A./R.A.**

Title II of the A.D.A. provides that "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  Disability is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of such individuals."  42 U.S.C. § 12102.

Section 504 of the R.A. provides, "[n]o otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."

Negligent acts do not come within the scope of the A.D.A.  *Foley v. City of Lafayette, Ind.*, 359 F.3d 925, 931 (7th Cir. 2004).

The A.D.A. generally tracks the language set forth in the R.A. and expressly provides that "[t]he remedies, procedures and rights" available under the R.A. are also accessible under the A.D.A.  *Delano-Pyle v. Victoria County, Tex.*, 302 F.3d 567, 574 (5th Cir. 2002)(quoting 42 U.S.C. § 12133).  Therefore, the two statutes are analyzed similarly.

Plaintiff cannot sue defendants in their individual capacity under the A.D.A.  *Gonzales v. Corpus Christi*, No. C.A. C-05-280, 2005 WL 3058168 *7 (5th Cir. 2005)(citing *Holbrook v. City of Alpharetta,* 112 F.3d 1522 (11th Cir.1997); *Alsbrook v. City of Maumelle,* 184 F.3d 999, 1010-

11 (8th Cir.1999) (*en banc*)). Plaintiff cannot recover punitive damages in an action under the A.D.A. *Barnes v. Gorman*, 536 US. 181, 122 S.Ct. 2097, 153 L.Ed.2d 230 (2002).

To state a claim under the A.D.A., plaintiff must allege that (1) he is a qualified individual (2) who was excluded from participation in or denied the benefits of services, programs, or activities of a public entity, and (3) that the exclusion, denial, or discrimination was because of his disability. *See Blanks v. Southwestern Bell Communications*, 310 F.3d 398, 400 (5th Cir. 2002). To state a claim under the Rehabilitation Act, 29 U.S.C. § 794, a plaintiff must show that (1) he was a qualified individual with a disability, (2) the program or facility received federal funding; and (3) he was adversely treated *solely* as a result of the disability. *Chandler v. City of Dallas*, 2 F.3d 1385, 1390 (5th Cir. 1993).

Plaintiff has presented evidence showing that when he was booked into the Wheeler County Jail, he used a cane to assist him with walking[3]. Plaintiff has not presented any medical evidence that he was unable to walk with or without a cane before, during, or immediately after his two weeks in Wheeler County Jail. Difficulty with walking or the need to use a cane is not a substantial limitation under the A.D.A. *Tumlinson v. Tyson Foods, Inc.*, 2003 WL 22858288, No. SA 02-CA-0531, December 1, 2003, (W.D. Tex., San Antonio Div.) (citing *Wood v. Crown-Redi Mix, Inc.,* 339 F.3d 682 (8th Cir.2003).

Plaintiff has also stated he suffered seizures[4] and polycystic kidney disease, which were controlled or treated with medication before his intake into the jail. Plaintiff has not, however, alleged facts which show either of these conditions was a disability. "Merely having an impairment does not make one disabled for purposes of the ADA." *Toyota Motor Mfg., Ky., Inc. v. Williams,* 534 U.S. 184, 197, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). A temporary disability does not meet the standards of the A.D.A.; rather, "[t]he impairment's impact must ... be

---

[3] See Document 128-2 at page 24 of 40, Screening Form for Suicide and Medical and Mental Impairments.

[4] Individuals suffering from seizures are not automatically disabled under the A.D.A. *See, e.g., EEOC v. Sara Lee Corp.*, 237 F.3d 349 (5th Cir. 2001); *Deas v. River West*, 152 F.23d 471 (5th Cir. 1998).

permanent or long term." *Id*. at 198 (citing 29 CFR §§ 1630.2(j)(2) (ii)-(iii)).  Although plaintiff speaks of his "developing disabilities," his two-week incarceration at the Wheeler County Jail is not sufficient time for any "developing" disability to qualify under the A.D.A.  Instead, plaintiff claims his untreated kidney pain and seizure condition interfered with his ability to eat, which so weakened him that he gradually became unable to ambulate and move his right side.  Critically, although plaintiff appears to allege he is unable to walk and is a paraplegic, he has not produced any medical evidence of such a handicap.  In fact, plaintiff was able to walk on the day of his arrest and when booked into jail.  In any event, plaintiff's claim is not a claim of discrimination but is, instead, a claim of inadequate medical care, *i.e.*, deliberate indifference or negligence.  A lawsuit under the RA or the ADA cannot be based on medical treatment decisions.  *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, 1294 (11th Cir.2005); *Fitzgerald v. Correctional Corp. of America,* 403 F.3d 1134, 1144 (10th Cir.2005); *Bryant v. Madigan,* 84 F.3d 246, 249 (7th Cir.1996) (ADA does not create a remedy for medical malpractice).  Plaintiff has failed to state a claim on which relief can be granted under the A.D.A. or the R.A.

**SECTION 1983 DELIBERATE INDIFFERENCE**

A claim of denial of medical care to a pretrial detainee is an allegation of deprivation of due process under the Fourteenth Amendment.  *Fields v. City of South Houston, Tex.*, 922 F.2d 1183, 1191 (5th Cir. 1991).  The focus of the Court's inquiry is "whether the denial of medical care was objectively reasonable in light of the Fourteenth Amendment's guarantee of reasonable medical care and prohibition on punishment of pretrial detainees."  *Id*.  It is long-established law that merely alleging that a doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not rise to a level of constitutional dimension. *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977).  Further, conduct which is merely negligent does not meet the standard for liability under section 1983.  *Daniels v. Williams*, 474 U.S. 326, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986).

Waiver

As recited previously, the parties do not agree about the form and/or "waivers" which were provided to plaintiff upon his arrival at the Wheeler County Jail.  Specifically, defendants contend plaintiff was only given a standard form to authorize the Mahler Family Clinic to treat him.  Plaintiff claims he was also given a "waiver" to sign, which "waiver" released Wheeler County from any liability in furnishing medical care to plaintiff.  Defendants maintain no such waiver of liability exists.

Plaintiff has not presented any summary judgment evidence showing a pattern of defendants' withholding medical care unless inmates at the jail execute a waiver of liability.  In fact, even though plaintiff has represented he has such evidence, he has not produced any such summary judgment evidence that any inmate, other than himself, was ever presented with or required to sign such a waiver at the Wheeler County Jail.  Therefore, plaintiff's claim based on a custom or practice of the use of such a waiver fails.

Nor has plaintiff presented any documentary evidence establishing the existence and/or use of such a waiver as to him.  Plaintiff has, however, presented testimonial evidence of the use of such a waiver in his own case.  Although he has conspicuously failed to produce a copy of that waiver despite his representations that he would, the testimonial evidence is sufficient to create a fact issue and prevent a determination of this claim at the summary judgment stage.

Denial of Treatment

Defendants have offered testimony that plaintiff refused food and medical treatment.  Plaintiff has countered with his verified statements that his many requests for medications and for medical care were refused or ignored and he was unable to eat.

Defendants also contend plaintiff has not shown his current medical condition was caused by or resulted from any acts or omissions by defendants while plaintiff was in the Wheeler County Jail.  While defendants are correct that plaintiff has not produced any medical evidence of causation, plaintiff has presented his testimony that he requested medications and

medical treatment, which requests were denied. Plaintiff also testified he suffered seizures as a result of the denial of his medication.

While plaintiff's failure to produce any medical evidence of causation or competent medical evidence that his conditions were exacerbated by the lack of treatment at the Wheeler County Jail may be relevant at trial, his testimony, outlined above, creates a fact issue at least as to some aspects of his medical care while in the Wheeler County Jail. Therefore, a fact issue exists preventing a ruling on plaintiff's claim of deliberate indifference both with respect to the merits and with respect to defendants' assertion of qualified immunity.

<u>Exhaustion</u>

Lastly, the issue of exhaustion of administrative remedies in this case is a mixed question of law and fact, which material factual disputes prevent summary judgment. While defendants have argued plaintiff's verified statements contradict his testimony or earlier verified statements, defendants have not pointed with specificity to the contradictions. The Court does not search the record for evidence on the parties' behalf.

**CONCLUSION**

For the reasons set forth above, it is clear that, drawing all reasonable inferences in favor of plaintiff, there is no material issue of disputed fact which precludes entry of summary judgment for the defendants with respect to all of plaintiff's claims under the A.D.A./R.A., and with respect to plaintiff's request for injunctive relief on all of his claims under the A.D.A./R.A. and under section 1983. Federal Rule of Civil Procedure 56(c).

It is also clear, because of the factual disputes identified above, defendant FINSTERWALD's and defendant GAINES' motion for summary judgment in their individual capacity, either on the merits or based on qualified immunity, should be denied.

Defendants' motion for summary judgment should be and hereby is GRANTED, IN PART, AND DENIED, IN PART as set out above. Federal Rule of Civil Procedure 56(c).

IT IS THEREFORE ORDERED that plaintiff's claims against defendants under the

A.D.A./R.A., and plaintiff claims for injunctive relief asserted under the A.D.A./R.A. and under section 1983 are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that defendants FINSTERWALD's and GAINES' motion for summary judgment on plaintiff's claims against them in their individual capacities is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The dismissal of plaintiff's claims under the A.D.A. and R.A. for failure to state a claim on which relief can be granted and dismissal of plaintiff's claims for injunctive relief as moot qualifies as a "strike" under the P.L.R.A.

IT IS SO ORDERED.

ENTERED this 29th day of March, 2012.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE